IN THE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

APR 0 2 2007

NANCY MAYER WHITTINGTON, CLERK
DISTRICT COURT

RAYMOND BROWN, pro-se,

     Petitioner/Defendant,

v.

U.S. PAROLE COMMISSION,
D.C. Department of Corrections  )

     Respondent.

Case: 1:07-cv-00617
Assigned To : Lamberth, Royce C.
Assign. Date : 4/2/2007
Description: BROWN v. US PAROLE COMMISSION

)   Judge_____
)
)
)

FILED

APR - 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PETITION; ISSUANCE WRIT

NOW COMES, Raymond Brown, the Defendant in the above case and moves this court pursuant to D.C. Code §16-1901 to petition issuance of writ.

The Defendant Raymond Brown is hereinafter referred to as "Petitioner" and the U.S. Parole Commission/D.C. Department of Corrections is hereinafter referred to as "Respondent."

### JURISDICTION

This court has jurisdiction to entertain the Petitioner's motion to petition to the appropriate court or a judge thereof for a writ of habeas corpus pursuant to D.C. Code §16-1901(a)(b)

### FACTUAL HISTORY

On or about July 8, 2000, the Petitioner was arrested and

RECEIVED

APR 0 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

bought to Superior Court the same day in which all charges were dismissed  the Petitioner was released the same day from the courtroom.

For some reason there was parole warrant that was executed on July 10, 2000, mistakenly because the Petitioner was infact never bought to D.C. jail for custody of that parole warrant on July 8, 2000 the Petitioner was release straight from the courtroom.

On Aug. 29, 2000, the Petitioner was arrested for kidnapping w/arm, assault w/arm, threats w/arm case no. F5270-00 ("hereinafter the new case"). There were no other warrants pending for any other charges and, there was no U.S. parole Commission detainer/ warrant(s) pending concerning any erroneous parole release or for any other parole matters. Petitioner remained in custody "held without bond" and was sentenced on March 23, 2001, to a prison term of ten (10) years, 180 days. The District of Columbia Department of Correction "D.C. jail" gave Petitioner detention credits against his sentence from and including ("Aug. 30, 2000") to and including ("March 23, 2001"). See Exhibit ___A___. On November 22, 2000, during this detention, Petitioner received a U.S. Parole Commission notice of action indicating and advising the Petitioner that warrant #PE34934-99 is lodged as a detainer and that Petitioner was not currently in custody serving the parole violator term. see attached Exhibit ___B___;

(2)

However, by parole order "notice of action expedited revocation order" dated October 17, 2001, the U.S. Parole Commission advised Petitioner in this notice that he was to continue until expiration of the violator term. Such order clearly indicated that the Parole Commission chose to execute the detainer/warrant while Petitioner was serving his new case sentence thereby rendering the terms concurrent when parole violator term detainers are executed in this manner. <u>see</u> attached Exhibit __C-1, G2__ .

The Department of Correction redacted Petitioner's detention credits initially applied to the new case and instead credited Petitioner's parole violation term with credits for the period of August __30__, 2000, through December 28, 2003. This act denied Petitioner his statutory right to jail credits as well as sentence credits after the new case sentence had been imposed and commenced. <u>see</u> attached Exhibit __A__ , __G__ .

<u>ARGUMENT</u>

Indeed all records indicate that Petitioner was never detained at the D.C. jail on parole matters from July 8, 2000 forward and therefore he could not have been erroneously or mistakenly released at anytime between July 8, 2000 and the Aug. 29, 2000 new case arrest. <u>See</u> U.S. Parole Commission's memorandum dated Feb. 5th, 2001 attached here in the Exhibit __D__ , __E__ .

Secondly, while it is true that the U.S. Parole Commission may

(3)

reopen a case based on previously existing information that it was unaware of earlier it has no statutory or regulatory authority to amend sentencing credits in a nunc pro tunc manner anytime it feels. Based on the evidence and supporting facts presented to the D.C. District Court Petitioner was not in custody on parole violator's warrant #PE-34934-99 that was lodged as a detainer behind the "new case #F5270-00" arrest which occurred Aug. 29, 2000. <u>See</u> attached Exhibit ___*B*___.

In the case at bar it is undisputed that when Petitioner was arrested Aug. 29, 2000, and held without bond ("the new case"), he was in official detention/custody on the new case.

Pursuant to D.C. Code title §24-221.03(A) formerly §24-431(A) and 18 U.S.C. §3583(b):

> --A defendant shall be given credit toward the service of a term of imprisonment for anytime he has spent in official detention prior to the date the sentence commences--
>
> (1) As a result of the offense for which the sentence was imposed; or
>
> (2) As a result of any other charge for which the defendant was arrested after the commision of the offense for which the sentence was imposed; that has not been credited against another sentence.

To receive credit for time spent in custody prior to sentencing, Petitioner must satisfy the requirements of the above mentioned statutory provisions and he must not have already received credit towards some other sentences for the time he was held in custody. The fact here clearly shows that Petitioner had already ("initially")

(4)

received credit toward the new sentence prior to Department of Correction actions altering the granting of those initial credits Therefore Petitioner's due process rights have been violated.

Petitioner submits, under the facts of this case credited time was a matter for the D.C. Department of Correction who properly followed the provisions for calculation of prior custody credit against the new case sentence. see attached Exhibit __A__.

Moreover, it is improper to allow the U.S. Parole Commission to arrest Petitioner on a spurious escape charge since a warrant could have been obtained based on a showing of the supposed erroneous release from the parole violation term if in fact Petitioner was erroneously released.

Petitioner would then be entitled to credit for time at liberty which D.C. Department of Correction have also failed to grant.(Green v. Robert Christiansen, 732 F.2d 1397; 1984 U.S. App. Lexis 22701)

If a defendant remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then time spent in custody shall be credited to his new sentence. McCoy v. Board of Probation and Parole, 793 A.2d 1004 (2002).

Finally, since Petitioner was taken into custody on Aug. 29, 2000, on the new criminal charges, these criminal charges

(5)

took precedence and any parole violator warrant subsequent to
the arrest should have been lodged as a detainer. The applicable
regulatory provisions at title 28 CFR §2.99 (d) and 2.100(a),
(c), (2) and (3) provide:

> §2.99(d) If any other warrant for the arrest of parolee
> has been executed or is outstanding at the time the
> Commission's warrant is executed, the arresting officer
> may, within 72 hours of executing the Commission's
> warrant, release the parolee to such other warrant and
> lodge the Commission's warrant as a detainer, voiding
> the execution thereof..."

> §2.100(A) When a parolee is in custody of other law
> enforcement authorities or is sevring a new sentence
> of imprisonment  imposed for a crime committed while
> on parole..."

> (c) "... the Commission shall review the detainer upon
> the request of the parolee and following such review,
> the Commission may:

> (2) Order a dispositional revocation hearing to be
> conducted by a hearing examiner or an official designated
> by the Commission at the institution in which the
> parolee is confined- In such case, the warrant shall
> not be executed except upon final order of the Commission
> following such hearing: and

> (3) Let the detainer stand until the new sentence
> is completed, following the release of parolee, and
> the execution of the Commission's warrant an institu-
> tional revocation hearing shall be conducted after
> the parolee is returned to federal custody.

Thus, the manner in which the U.S. parole Commission executed
the parole violator's warrant and carried out Petitioner's revoca-
tion proceedings was contrary to the Commission's regulatory
provisions and therefore unauthorized. Petitioner submits, under
the circumstances of this case the Commission had the authority

(6)

to issue a second warrant and properly lodge it as a detainer in accordance with the regulatory provision mentioned above.

However, since the violator's warrant was executed after Petitioner's new case sentence commenced and was properly credited under the controlling statutory provisions for time spent in custody prior to sentencing, the D.C. District Court should order that Petitioner be given credit for time served between Aug. 2000 and December 2003 against the March 23, 2001 ("new case") sentence imposed on him for kidnapping w/arm, assault w/arm, threats w/arm. Alternatively, the D.C. District Court should order that since the violator's was executed in a manner mentioned above that the two terms ("the 1989 sentence") and ("new case sentence") should now run concurrently with credit against both dating from August 30, 2000 through present.

Lastly, the D.C. District Court should not have accepted the Commission's justification for amending the notice of action dated November 22, 2000, ("reopening parole case"). In the amended notice of action dated February 10th, 2001, the Commission states:

> "The U.S Parole Commission was unaware of your pending assault and kidnapping charges at the time of your emergency procedure review." See Exhibit _____F_____.

However, the November 22, 2000 notice of action clearly indicates that the Commission was previously aware of the kidnapping and assault charges (i.e. new case) as the November 22, 2000 notice of action states:

(7)

<u>You are not in custody on the parole violator's warrant.
Warrant #PE-34934 is currently lodged as a detainer
behind case #F5270-00."</u>

Petitioner submits, case number F5270-00 mentioned in the
November 22, 2000 notice of action is the kidnapping and assault
case that the Commission later claims in the February 10th,
2001 notice of action to have been unaware of. <u>See</u> and compare
attached Exhibit ____*B*____, ____*F*____. The Commission's justifi-
cation is "bogus" that the Commission was unaware.

Moreover, Petitioner was never released by the D.C. jail
on July 8, 2000 nor July 10, 2000. The D.C. jail records show
that the Petitioner was never at the D.C. jail on July 8, 2000
nor July 10, 2000, and neither was there an arrest pursuant
to a U.S. Parole warrant from an erroneous release could take
place.

<u>CONCLUSION</u>

WHEREFORE, this court grant the Petitioner's motion and
order that the Petitioner be given credit on ("new case") from
Aug. **30**, 2000 and Dec., 2003 through present, or order a prompt
hearing to be held on this matter before the D.C. District Court.

Respectfully submitted,

*Raymond L. Brown*

Raymond Brown 04746007

3/8/07

F.C.I. Gilmer
PO Box 6000
Glenville, West Virginia
26351

(8)

EXHIBIT

A

EXHIBIT

A

ADP Form 19 DCDC-7-70

# DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
### FACE SHEET No. 2

Date Prepared
03-27-01
(Mo., Da., Yr.)

| DCDC Number 230838 | Name (Last, First, Middle) Brown, Raymond | | | Race Black | Sex Male |
|---|---|---|---|---|---|
| Height 5'9" | Weight 145 | Build Med. | Eyes Brn. | Hair Blk. | Age |  | Birth Date 8/3/65 | Place of Birth Washington, D. C. |

| Offense | Kidnapping W/Armed | Assault W/Dangerous Weapon | Threats W/Armed |
|---|---|---|---|
| Case Number | F5270-00K | F5270-00L | F5270-00M |
| Sentence (Yrs., Mos., Days) | 10Years | 10Years Conc. | 5Years Conc. |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 03-23-2001 | 03-23-2001 | 03-23-2001 |
| Full Term Date (Mo., Da., Yr.) | | | |
| Short Term / M.R. Date (Mo., Da., Yr.) | | | |
| Parole Eligibility Date (Mo., Da., Yr.) | | | |
| Max. Supervision Date (Mo., Da., Yr.) | | | |
| Statutory Good Time Rate / Month | | | |
| Plea | | | |
| Committing Judge | Rankin | Rankin | Rankin |
| Defense Attorney | | | |
| Initialed By: | | | |

## DETAINERS

| Date Filed | For | Action |
|---|---|---|
| | | |
| | | |
| | | |

## CONDUCT CREDITS

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## JAIL CREDIT DATES

| From and Including | To and Including |
|---|---|
| | |

## REMARKS

Page 1 of 2





ADP Form 19 DCDC-7-70

### DISTRICT OF COLUMBIA
### DEPARTMENT OF CORRECTIONS
### FACE SHEET No. 2

Date Prepare: 03-27-01 (Mo., Da., Yr.

| DCDC Number 230838 | Name (Last, First, Middle) Brown, Raymond | | | | | |
|---|---|---|---|---|---|---|
| Height 5'9" | Weight 145 | Build Med. | Eyes Brn. | Hair Blk. | Age | Birth Date 8/3/65 |

Race Black    Sex Mal

Place of Birth Wasington, D. C.

| | |
|---|---|
| Offense | Total Sentence: 10Yrs., 180Days, Less 205 Days Jail Credit |
| | Contempt |
| Case Number | F5270-00N Thru W |
| Sentence (Yrs., Mos., Days) | 180 Days |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 03-23-2001 |
| Full Term Date (Mo., Da., Yr.) | 02-25-2011 |
| Short Term / M.R. Date (Mo., Da., Yr.) | 10-20-2009 |
| Parole Eligibility Date (Mo., Da., Yr.) | N/A |
| Max. Supervision Date (Mo., Da., Yr.) | N/A |
| Statutory Good Time Rate / Month | 493 Days |
| Plea | |
| Committing Judge | Rankin |
| Defense Attorney | |
| Initialed By: | LLH |

### DETAINERS

| Date Filed | For | Action |
|---|---|---|
| | | |
| | | |

### CONDUCT CREDITS

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| | | | | |
| | | | | |

### JAIL CREDIT DATES

| From and Including | To and Including |
|---|---|
| 08-30-2000 | 03-22-2001 = 205 Days |

### REMARKS

$1,000.00 Assessed Under VVCC

Page 2 of 2

SENTENCED UNDER SRAA 9 YRS SUPERVISED RELEASE TO FOLLOW

*A*

```
MEM6T  540*23 *                SENTENCE MONITORING            *      06-15-2001
PAGE 002 OF 002 *                COMPUTATION DATA             *      10:07:23
                                 AS OF 06-15-2001

REGNO..: 04746-007 NAME: BROWN, RAYMOND LOUIS JR


------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 06-15-2001 AT MEM AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN.........: 03-23-2001
TOTAL TERM IN EFFECT...........:     10 YEARS      180 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    10 YEARS      5 MONTHS      27 DAYS

JAIL CREDIT....................:     FROM DATE        THRU DATE
                                     08-30-2000       03-22-2001

TOTAL PRIOR CREDIT TIME.........: 205
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT POSSIBLE..............: 493
TOTAL GCT AWARDED...............: 0
STATUTORY RELEASE DATE (CURRENT): 02-25-2011
SIX MONTH /10% DATE.............: 04-20-2009
EXPIRATION FULL TERM DATE.......: 02-25-2011


PROJECTED SATISFACTION DATE.....: 10-20-2009
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: COMPUTATION PREPARED WITH AVAILABLE INFORMATION IN FILE.




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
MEM6T  542*22 *                SENTENCE MONITORING              *      06-15-2001
PAGE 001 OF 001 *                 GOOD TIME DATA                *      10:07:24
                                AS OF  06-15-2001
```

```
REGNO...: 04746-007    NAME: BROWN, RAYMOND LOUIS JR
ARS 1...: MEM A-ADMIN
COMPUTATION NUMBER..: 010
LAST UPDATED:  DATE.: 06-15-2001          FUNC..: PRT   ACT DT:
UNIT................: JAIL               FACL..: MEM      CALC: AUTOMATIC
DATE COMP BEGINS....: 03-23-2001         QUARTERS............: R01-001L
TOTAL JAIL CREDIT...: 205                COMP STATUS........: COMPLETE
CURRENT REL DT......: 02-25-2011 FRI     TOTAL INOP TIME.....: 0
PROJ SATISFACT DT...: 10-20-2009 TUE     EXPIRES FULL TERM DT: 02-25-2011
ACTUAL SATISFACT DT.:                    PROJ SATISF METHOD..: GCT REL
DAYS REMAINING......:                    ACTUAL SATISF METHOD:
                                         FINAL PUBLC LAW DAYS:
```

```
-------------------------GOOD CONDUCT TIME AMOUNTS-------------------------
```

| START DATE | STOP DATE | MAX DIS | POSSIBLE TO FFT | ACTUAL TOTALS DIS | FFT | VESTED AMOUNT | VESTED DATE |
|---|---|---|---|---|---|---|---|
| 08-30-2000 | 08-29-2001 | 54 | | | | | |
| 08-30-2001 | 08-29-2002 | 54 | | | | | |
| 08-30-2002 | 08-29-2003 | 54 | | | | | |
| 08-30-2003 | 08-29-2004 | 54 | | | | | |
| 08-30-2004 | 08-29-2005 | 54 | | | | | |
| 08-30-2005 | 08-29-2006 | 54 | | | | | |
| 08-30-2006 | 08-29-2007 | 54 | | | | | |
| 08-30-2007 | 08-29-2008 | 54 | | | | | |
| 08-30-2008 | 08-29-2009 | 54 | | | | | |
| 08-30-2009 | 10-20-2009 | 7 | | | | | |

```
     TOTAL EARNED AMOUNT..........................................:        0
     TOTAL EARNED AND PROJECTED AMOUNT............................:      493
```

```
G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

*A*



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America

v.

Raymond Brown

**JUDGMENT IN A CRIMINAL CASE**

Case Number: F5270-00K.L.M.N-W
PDID No. 392-860

## THE DEFENDANT:

☐ ENTERED A PLEA OF GUILTY TO COUNT(S) _____

☒ WAS FOUND GUILTY ON COUNT (S) K.L.M.N-W
AFTER A PLEA OF NOT GUILTY.

| Count | Nature of Charges | Title & Section | Date of Offense |
|---|---|---|---|
| Count K | Kidnapping w/Armed | 23-2101, 5202 | Aug. 29, 2000 |
| Count L | Assault with a Dangerous Weapon | 22-502 | Aug. 29, 2000 |
| Count M | Threats while armed | 23-2307, 3202 | Aug. 29, 2000 |
| Count N | Contempt (Violation of No Contact Order ) | 23-1330 | Oct. 11, 2000 |
| Count O | Contempt (Violation of  No Contact Order) | 23-1330 | Oct. 23, 2000 |
| Count P | Contempt (Violation of  No Contact Order) | 23-1330 | Nov. 1, 2000 |
| Count Q | Contempt (Violation of  No Contact Order) | 23-1330 | Nov. 1, 2000 |
| Count R | Contempt (Violation of  No Contact Order) | 23-1330 | Nov. 6, 2000 |
| Count S | Contempt (Violation of No Contact Order) | 23-1330 | Nov. 26, 2000 |
| Count T | Contempt (Violation of No Contact Order) | 23-1330 | Nov. 13, 2000 |

### SENTENCE OF THE COURT

Count K: 10 years in prison, 5 years supervised release.
Count L: 10 years in prison, 5 years supervised release.
Count M: 5 years in prison, 3 years supervised release.
Counts N thru W: 180 days in prison, 3 years supervised release.
Counts M thru L: concurrent with Count K as to jail term, consecutive to Count K as to terms of supervised release.
Counts O thru W: concurrent with Count N.
Count N: consecutive with Count K as to jail term, concurrent with Count K as to supervised release.

☒ The defendant is hereby committed to the custody of the Attorney General to be imprisoned for a total term of:

10 years and 180 days _____    ☐ MANDATORY MINIMUM term of _____ applies

☒ Upon release from imprisonment, the defendant shall be on supervised release for a term of: 5 years Ct. K.L.M consecutive

☐ The Court makes the following recommendations to the Bureau of Prisons:

Costs in the aggregate amount of $ 1,000.00 _____ have been assessed under the Victims of Violent Crime Compensation Act of 1996, and ☐ have ☒ have not been paid.

March 23, 2001 _____
Date

*Michael Ranson (signature)*
Judge

A TRUE COPY
TEST:  MAR 2 6 2001
Clerk, Superior Court
District of Columbia

Certification by Clerk _____
March 23, 2001 _____
Date    By _____
Deputy Clerk

*MICHAEL L. RANKIN, Associate Judge*
Name and Title of Judicial Officer

Russell Barbee
Deputy Clerk

*Appeal rights given*

A

DEFENDANT: Raymond Brown
CASE NUMBER: F5278-00 K,L,M,N-W                    Judgment — Page 2 of 2

## JUDGMENT IN A CRIMINAL CASE (CONT'D)

| Count | Nature of Charges | Title & Section |
|-------|-------------------|-----------------|
| Count U | Contempt (Violation of No Contact Order) | 23-1330 |
| Count V | Contempt (Violation of No Contact Order) | 23-1330 |
| Count W | Contempt (Violation of No Contact Order) | 23-1330 |

## SENTENCE OF THE COURT

SEE PAGE ONE OF THIS ORDER FOR SENTENCE IMPOSED IN COUNTS U,V,W.

A TRUE COPY
TEST: MAR 2 8 2001
Clerk, Superior Court of the
District of Columbia

By _____
Deputy Clerk



EXHIBIT

B

EXHIBIT

B

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

Name: BROWN, Raymond L.

Register Number: 00230+838                    Institution: D.C. Jail

In the case of the above-named, the following parole action was ordered:

Void Notice of Action dated October 31, 2000.

**REASONS:**

You are not in custody on the parole violator's warrant.  Warrant #PE-34934-99 is currently lodged as a detainer behind case #F5270-00.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

c:      Williette Copeland
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W.
        Room 2010
        Washington, D.C.  20001

Date: November 22, 2000                                Clerk: adc

Page 1 of 1                                BROWN.230

EXHIBIT

C

C-1 , C-2

EXHIBIT

C

C-1, C-2

C.1

**NOTICE TO ALLEGED PAROLE, SPECIAL PAROLE,**
**OR MANDATORY RELEASE VIOLATOR**
**ELIGIBILITY FOR EXPEDITED REVOCATION PROCEDURE**

Name: Brown, Raymond        Reg. No: 00230+838        DCDC No.

1.    This is to inform you that the Parole Commission has found probable cause to believe that you have violated the conditions of your Parole .

2.    The specific charges upon which these findings are based:

Charge #3a: Law Violation: Assault with a Deadly Weapon.
Charge #3b: Law Violation: Kidnapping while Armed.
Charge #3c: Law Violation: Any other Felony

3.    Based on the finding of probable cause and information available to the Commission at this time, if your parole is revoked after a hearing, your reparole guidelines will be as follows:

Your parole violation behavior has been rated as Category Seven severity because it involved Kidnapping while Armed and Assault with a Deadley Weapon. Your salient factor score is 4 (see attached sheet). You have been in confinement as a result of your behavior for a total of 11 month(s) as of June 11, 2001. Guidelines established by the Commission indicate a range of 78-110 months to be served for cases with good institutional adjustment and program achievement. .

Pursuant to its regulations, the Commission will render a decision within the applicable guideline range unless it finds good cause to render a decision above or below the applicable guideline range and provides specific reasons.

4.    Your violation behavior makes you eligible to apply for the following expedited procedure. You may, if you wish, waive your right to a revocation hearing, accept responsibility for your conduct, and consent to revocation on the record. If you do so, the Commission will take the following action in your case:

a.    Revoke Parole
b.    None of the time spent on parole shall be credited.
c.    Continue to Expiration after the service of approximately 52 months.*
*The Bureau of Prisons will re-compute the sentence, which may result in more or less time served than the amount projected by the Commission.
d.    In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Community Supervision Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

5.    For the Commission to approve your application for this expedited revocation procedure, the completed form must be received by the U.S. Parole Commission within 14 days of the date noted on the cover letter. If the completed form is not received within 14 days, the revocation hearing will be held and the proposed decision set forth will not be binding on the Commission.

6.    You are under no obligation to apply for the expedited revocation procedure set forth above. If you do not wish to waive your right to a revocation hearing and accept the proposed decision set forth, please indicate below that you decline the proposal. You will be given a revocation hearing under normal procedures. After your revocation hearing, the Commission, on the basis of the information available, may take any action authorized by its regulations. Thus, the action taken by the Commission may be the same, more favorable, or less favorable than the proposed action set forth above. The fact that you chose to have a revocation hearing rather than accept the proposed decision set forth above will not be taken into account.

I hereby waive my right to a revocation hearing before the U.S. Parole Commission. I accept responsibility for the conduct charged against me in the warrant application and I accept the proposed Parole Commission decision set forth on this form (with respect to revocation of parole, forfeiture of street time, and reparole.) I understand that my reparole date is contingent upon my maintaining a record of good conduct in the institution up to the date of release and an acceptable release plan. I also understand that my consent will not constitute an enforceable agreement with respect to any other action the Commission is authorized to take by law or regulation, or to limit in any respect the normal consequences of a revocation of parole.

Because I accept the proposed U.S. Parole Commission's decision set forth on this form, I understand that I am waiving my right to appeal this decision.

_____        _____
            Signature                              Date

_____        _____
            Witness                                Date

_____

I decline the U.S. Parole Commission's revocation proposal. I wish to have an in-person revocation hearing.

7

294019

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

---

Name: BROWN, Raymond L.                    DCDC Number: 230-838

Register Number: 04746-007            Institution: Raleigh CCM
                                      Greensville Correctional Facility

---

In the case of the above-named, the following parole action was ordered:

## EXPEDITED REVOCATION

Revoke parole. None of the time spent on parole shall be credited. Continue to expiration.  You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

THE ABOVE DECISION IS NOT APPEALABLE.

## FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Law Violation: Assault With a Deadly Weapon.

Charge No. 2 - Law Violation: Kidnapping while Armed.

Charge No. 3 - Law Violation: Any other Felony

Basis for the above stated charge(s):  Your admission.

## REASONS:

Your parole violation behavior has been rated as Category Seven severity because it involved Kidnapping while Armed and Assault With a Deadly Weapon(s).  Your new salient factor score (SFS-98) is 4.  You have been in confinement as a result of your violation behavior for a total of 78-110 month(s) as of June 11, 2001.  Guidelines established by the Commission indicate a customary range of 11 months to be served before release.  After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

See the attached sheet for your individual item points and explanation for the Salient Factor Score.

Copies of this Notice are sent to your institution and to your U.S. Probation Officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others.

Date: October 17, 2001                         Clerk: vah



EXHIBIT

D

EXHIBIT

D

# Memorandum



| | |
|---|---|
| **Subject** | **Date** |
| Brown, Raymond<br>Reg. No. 00230-838 | February 5, 2001 |
| **To** | **From** |
| John R. Simpson<br>Commissioner<br>U.S. Parole Commission | Deirdre Jackson<br>Case Analyst<br>U.S. Parole Commission |

**SUMMARY:** On 2/19/99 the DC Parole Board issued a warrant charging subject with technical violations. On 12/17/99 an arrest warrant was issued by MPD for a theft offense subject allegedly committed on 11/12/99.

On 7/8/2000 police responded to a family dispute call and arrested subject on the outstanding warrants. The theft charge was nolle prossed and subject's DCPV warrant was executed on 7/10/2000. Subject somehow returned to the community sometime between 7/10/2000 and 8/29/2000. He returned to custody on 8/29/2000 after he was arrested on kidnapping and assault charges against his estranged wife.

On 10/27/2000 subject's case was reviewed as part of the emergency release procedure. NOA dated 10/31/2000 released subject from custody of the warrant, however, subject remained at the DC Jail on the new pending charges.

On 11/8/2000, the CSO submitted a copy of the arrest report from the 8/29/2000 offense. The police report indicates subject forced his estranged wife into a vehicle and stabbed her in the leg as she tried to escape. On 11/15/2000 I contacted the DC Jail in an attempt to clarify how and when subject was released after the warrant was executed on 7/10/2000. Ms. Warner, (DC Jail Records Office), indicated at that time that the DCPB warrant dated 2/99 had not been executed and was lodged as a detainer. Based on that information, I recommended the USPC, "Void Notice of Action dated 10/31/2000; REASON: You are not in custody on the PV warrant, warrant is lodged as a detainer". The Commission concurred and an NOA was issued on 11/22/2000.

The USPC has now been advised that subject's warrant was in fact executed on 7/10/2000. Ms. Simmons, at the DC Jail confirmed this and indicated there is no releasing paperwork in the jail's file to indicate how and when subject released prior to the new arrest. The Department of Corrections has no idea why subject was in the community and not in custody on 8/29/2000.

Subject has been in continuous custody since his arrest. He has now received a conviction for the ADW and Kidnapping charges and sentencing is pending. If the USPC were aware of the pending criminal charges at the time of the emergency procedure review, subject would not have met the criteria for release and NOA dated 10/31/2000 would not have been issued.

Based on the above, I recommend NOA dated 11/22/2000 be amended and the revocation procedures continue.

**ANALYST RECOMMENDATION:** Amend Notice of Action dated 11/22/2000, with modified reasons. Void Notice of Action dated 10/31/2000. Continue with revocation process.

**REASONS:** The U.S. Parole Commission was unaware of your pending Assault and Kidnapping charges at the time of your emergency procedures review.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Reviewer:          _____ Agree          _____ Disagree          _____ Discuss

Commissioner:      _____ Agree          _____ Disagree          _____ Discuss

_____                    _____
         Commissioner                                      2/7/2001
                                                            Date

_____                    _____
         Commissioner                                        Date



EXHIBIT
E

ase Of:        •Brown, Raymond
CDC No:        230-838
3I No:         353727FA8
irth Date:     8/3/65
ace:           Black
ate:           February 6, 2001

**UPPLEMENT TO WARRANT APPLICATION DATED February 19, 1999**

**HARGES:**

**harge No. 3 - Law Violation: a) Kidnapping While Armed (CONVICTION); b) Assault with Deadly Weapon (CONVICTION); c) Any Other Felony (CONVICTION).** On or about /30/2000, subject was arrested by Washington Metropolitan Police for the above-cited offense(s) hich occurred on or about the same date. Subject attempted to force his estranged wife into a ed pick-up truck. The victim resisted by fighting back and hooking her foot under the passenger oor well. Subject bit the victim on the leg which caused her to remove her foot from the door vell. Subject then grabbed a large knife from under the front passenger seat, stabbed the victim n the leg and pushed her into the vehicle which was being driven by subject's mother. Subject ntered the vehicle on the passenger side. After being driven to Annapolis, Maryland, the victim vas taken to Providence Hospital in the District of Columbia. Hospital staff called police and ubject was arrested at the hospital. On or about 1/3/2001 subject was convicted of the above cited- ffenses. Sentencing is pending. Information contained in the police report dated 8/30/2000. This harge is based on information contained in the letter dated 11/6/2000 from supervision officer Matthews.

[ **ADMIT** [   ] or **DENY** [   ] this charge.

Warrant Issued:    **February 19, 1999**
District Sent To:  **D.C. Court Services & Offender Supervision Agency**

**Warrant Recommended By:**

*Deirdre Jackson*

**Deirdre Jackson, Case Analyst**
**U.S. Parole Commission,**

EXHIBIT ..................



EXHIBIT

F

Department of Justice
ates Parole Commission
iendship Boulevard
y Chase, Maryland 20815-7201

Notice of Action

F.

ie: BROWN, Raymond                              Institution: D.C. Jail

ister Number: 00230+838              DCDC No.: 230-838

he case of the above-named, the following parole action was ordered:

## Amend Notice of Action Dated November 22, 2000 to read:

d Notice of Action dated October 31, 2000. **Continue revocation process.**

**ASONS**:

e **U.S. Parole Commission was unaware of your pending Assault and Kidnapping charges
the time of your emergency procedure review.**

E ABOVE DECISION IS NOT APPEALABLE

ies of this Notice are sent to your institution and to your supervising officer. In certain cases,
ies may also be sent to the sentencing court. You are responsible for advising any others you wish
notify.

Williette Copeland
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W.
Room 2010
Washington, D.C. 20001

ate: **February 10, 2001**                          **Clerk: mdd**

Page 1 of 1                          **BROWN.230**

EXHIBIT

G

EXHIBIT

G

```
 GIL1W   540*23  *              SENTENCE MONITORING                03-15-2006
PAGE 002         *              COMPUTATION DATA                   15:10:48
                               AS OF 03-15-2006
```

REGNO..: 04746-007 NAME: BROWN, RAYMOND LOUIS JR


------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-07-2004 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 07-10-2000
TOTAL TERM IN EFFECT............: 1678 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    4 YEARS     7 MONTHS      2 DAYS
EARLIEST DATE OF OFFENSE........: 02-01-1989

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    07-08-2000   07-09-2000

TOTAL JAIL CREDIT TIME..........: 2
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 7
TOTAL SGT POSSIBLE..............: 385
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 01-21-2004
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 02-09-2005

NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: CONTINUE TO EXPIRATION

PROJECTED SATISFACTION DATE.....: 12-28-2003
PROJECTED SATISFACTION METHOD...: MAND PAR

REMARKS.......: ANY CHANGES MADE TO THIS COMPUTATION WILL EFFECT THE FUTURE
                COMPUTATION.
                COMP RE-CERTIFIED BY DC RECORDS CENER ON 04-08-2004
```


G0002        MORE PAGES TO FOLLOW . . .

07-617
= RCL

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

## I. (a) PLAINTIFFS

Raymond Brown

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 04746007

## DEFENDANTS

U.S. Parole Commission

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ Multi district Litigation | ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☑ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☐ NO    If yes, please complete related case form.

DATE    SIGNATURE OF ATTORNEY OF RECORD    WC D

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips or completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Vorm=\js-44.wpd