# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND BROWN ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 07-0617 (RCL) |
| ) | |
| UNITED STATES PAROLE COMMISSION ) | |
| ) | |
| and ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| DEPARTMENT OF CORRECTIONS ) | |
| ) | |
| Respondents. ) | |
| _____) | |

## RESPONSE BY THE DISTRICT OF COLUMBIA

The District of Columbia Department of Corrections (hereinafter the "DOC"), files this response to the Court's Order to Show Cause issued May 3, 2007, and received in the Office of the Attorney General for the District of Columbia on May 8, 2007. The petitioner, Raymond Brown, filed a *pro se* petition for a writ of habeas corpus challenging the manner of execution of his sentence. As directed by the Court, the District of Columbia, through counsel, respectfully submits this response to the Court's Order to show cause why the writ of habeas corpus should not issue.

## FACTS

According to the Petition, petitioner was arrested on August 29, 2000 and charged with various felonies including kidnapping. (Pet. at 2). Petitioner was sentenced on March 23, 2001 to a prison term of ten years, 180 days. (Pet. at 2). Petitioner contends that the DOC gave him credits against his sentence for the time between his arrest and sentencing, but that those credits were removed from his record based on the actions of the United States Parole Commission

("USPC"). (Pet. at 2-3). In addition, petitioner alleges that his time of detention, August 30, 2000 through December 28, 2003, was inappropriately credited to a parole violation rather than to his sentence. (Pet. at 3). The relief that petitioner seeks is either credit for the time that was allegedly credited to a parole violation or a hearing to be held on this matter. (Pet. at 8). The petitioner is not in the custody of the District. The District does not have independent knowledge of the petitioner's current location, although the petitioner's address provided on the petition is for a Federal Bureau of Prisons ("BOP") facility – the Federal Correctional Institution Gilmer in Glenville, West Virginia.

## DISCUSSION

As a legal and practical matter, the District of Columbia or its agents cannot provide a response to the merits of the petition because the District of Columbia lacks authority over parole and sentencing matters. Through the National Capital Revitalization and Self-Government Improvements Act of 1997, Pub. L. 105-33, D.C. Code sections 24-101 through 131 (2001 and 2006 Supp.) (hereinafter the "Act"), the United States Congress transferred responsibility for the imprisonment of District of Columbia felons from the District of Columbia to the BOP, and transferred the parole authority for such felons from the D.C. Board of Parole to the USPC. *See Crawford v. Jackson*, 323 F.3d 123, 125-126 (D.C. Cir. 2003); *see also Gant v. Reilly*, 224 F.Supp.2d 26, 37 (D.D.C. 2002). In accordance with the Act, the D.C. Board of Parole no longer exists, and the USPC has assumed all of its parole functions. Thus, the District of Columbia has no authority to respond to the merits of a petition that alleges parole matters, but the District will abide by any lawful order of this Court with regard to the petitioner. The real party in interest is the United States Attorney, representing the USPC, whose actions are at issue herein. Thus, the District of Columbia defers to the Office of the United States Attorney on this matter.

In addition, as set forth in D.C. Code § 16-1901(a), a writ of habeas corpus may only be "directed to the officer or other person in whose custody or keeping the party so detained is returnable forthwith before the court or judge." *See Perkins v. Henderson*, 881 F.Supp. 55, 61 (D.D.C. 1995) ("Habeas petitions are directed to a prisoner's custodian. . . . In all but extraordinary cases a petitioner's custodian is the warden of the facility where the petitioner is incarcerated."). The District of Columbia is not the custodian of petitioner. Accordingly, a writ of habeas corpus should not be issued and this petition should be dismissed as to the District of Columbia.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        /s/ Kimberly M. Johnson
        KIMBERLY MATTHEWS JOHNSON [#435163]
        Section Chief
        General Litigation Section I

        /s/ Lucy Pittman
        LUCY PITTMAN [#483416]
        Assistant Attorney General
        441 4th Street, N.W.
        6th Floor South
        Washington, D.C. 20001
        (202) 442-9891 (phone)
        (202) 727-3625 (fax)
        lucy.pittman@dc.gov

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on May 24, 2007, a copy of the foregoing response and proposed order were mailed postage prepaid to:

Raymond Brown
04746007
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV  26351
*Petitioner*

                        /s/ Lucy Pittman
                        Lucy Pittman
                        Assistant Attorney General

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMONDBROWN )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES PAROLE COMMISSION )<br>)<br>and )<br>)<br>DISTRICT OF COLUMBIA )<br>DEPARTMENT OF CORRECTIONS )<br>)<br>Respondents. )<br>_____) | Civil Action No. 07-0617 (RCL) |

### **ORDER**

Upon consideration of the District of Columbia's response to petitioner's petition for writ of habeas corpus and the record herein, it is hereby,

ORDERED: that the Petition for the Writ of Habeas Corpus shall be denied as to the District of Columbia respondent; it is,

FURTHER ORDERED: that the Court's Order to Show Cause shall be discharged as to the District of Columbia respondent.

SO ORDERED, this _____ day of _____, 2007.

_____
Royce C. Lamberth
United States District Judge