UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND BROWN, pro-se
    petitioner

V.

UNITED STATES PAROLE
COMMISSION
   AND
DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
    Respondents.

Civil Action No.
107 CV. 00617

Judge: Royce C. Lamberth

**OBJECTION TO THE REPORT AND RECOMMENDATIONS OF THE RESPONDENTS**

RECEIVED
JUN 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NOW comes, petitioner, Raymond Brown, Pro-se and hereby objects to the respondent recommendations to the District Court denying the petitioner's application for Writ of Habeas Corpus in the above captioned civil action. Petitioner seeks to have the District Court reject, modify, in whole or in part, the recommendation by the respondent denying petitioner the relief sought. As such petitioner put forth the following objections.

### Factual History

On or about July 8, 2000, the Petitioner was arrested and

bought to Superior Court the same day in which all charges were dismissed the Petitioner was released the same day from the courtroom.

For some reason there was parole warrant that was executed on July 10, 2000, execution of the parole violator warrant was contrary to its clear terms and unauthorized, and therefore it was invalid. See (McCONNELL v. MARTIN 896 F.2d 441 (1990 10th Cir)). In fact the Petitioner was never bought to D.C. Jail for custody of that Parole warrant on July 8, 2000 the Petitioner was release straight from the courtroom.

On Aug 29, 2000, the petitioner was arrested for Kidnapping w/arm, assault w/arm, threats w/arm case no F5270-00 ("hereinafter the new case"). There were no other warrants pending for any other charges and, there was no U.S. parole commission detainer/warrants pending concerning any erroneous parole release or for any other parole matters. Petitioner remained in custody "Held without Bond" and was sentenced on March 23, 2001, to a prison term of 10 years, 180 days. The District of Columbia Department of Correction "D.C. Jail" gave Petitioner detention credits against his sentence from and including ("Aug 30, 2000") to and including ("March 23, 2001")

On November 22, 2000, during this detention, Petitioner received a U.S. Parole Commission notice of action indicating and advising the Petitioner that warrant #PE34934-99 is lodged as a detainer and that Petitioner was not currently in custody serving the parole violator term.

-1-

However, by parole order "notice of action expedited revocation order" dated October 17, 2001, the U.S. Parole Commission advised Petitioner in this notice that he was to continue until expiration of the violator term. Such order clearly indicated that the Parole Commission chose to excute the detainer/warrant while Petitioner was serving his new case sentence thereby rendering the terms concurrent when parole violator term detainers are executed in this manner.

The Department of Correction reacted Petitioner's detention credits initially applied to the new case and instead credited Petitioner's parole violation term with credits for the period of August 30, 2000, through December 28, 2003. This act denied petitioner his statutory right to jail credits as well as sentence credits after the new case sentence had been imposed and commenced.

## ARGUMENT

The respondent is gravely misplaced that this court do not have jurisdiction to grant relief of the petitioners D.C. code § 16-1901 (b.) This court has seen Jurisdiction because the U.S Parole Commission is part of the federal Government is they are employees of the federal Government.

This Court has rule that the Court has jurisdiction that a prisoner has a right the right to raise, through a petition for Habeas Corpus, any issues arising from the execution of his sentence. see Alston v. U.S. 590 A.2d 511, 514 (DC. 1991)

- 2 -

If the D.C. Jail record had not had falsely executed Petitioners parole violator warrant and just had notify U.S. Parole Commission that there has been an error by the Official there at D.C. Jail record office instead of putting false information to the U.S. Parole Commission by this action of the D.C. Jail record office and the U.S. Parole commission made the petitioner parole violator warrant invalid. See 82 Led 1399, 304 US 359 ZERBST V. KIDWELL (U.S. Supreme case) aslo which is support throughout the Circuit Court is the case of McConnell V. U.S. Parole Commission 896 F.2d 441 (1990) an U.S. V. Cox 475 F.2d 837, 838, (9th Cir 1973) Also U.S. V. Soto-Ornelas, 863 F.2d 1487, 1491 (10th Cir 1988).

Here the petitioner was never in custody July 8, 2000 taken to D.C. Jail for custody therefore the execution of the Petitioners Parole violator warrant was never validly executed.

Therefore a Habeus corpus is the exclusive avenue available to a District prisoner challenging the manner of execution of a sentence, rather than the sentence itself. (Wilson V. Office of Chairperson, 892 F. Supp. 277 (D.D.C. 1995) While prisoners convicted in Superior Court but incarcerated in federal facilities must file their petitions in District Court.

## CONCLUSION

WHEREFORE, this Court grant the petitioner's motion and order the Petitioner be given credit on ("New Case") from Aug. 30, 2000 and Dec., 2003 through present, or Order a prompt hearing to be held on this matter before the D.C. District Court

The Petitioner prays that this Court deny the respondents request to dismiss.

Respectfully Submitted,

Raymond Brown 04746007
Raymond Brown 04746007
F.C.I. Gilmer
P.O. Box 6000
Glenville, West Virginia
26351

Lori Smith 5/30/07

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
LORI SMITH
201 FCI LANE
GLENVILLE, WV 26351
My commission expires August 29, 2013

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 31, 2007, a copy of the foregoing objection was mailed postage prepaid to:

LUCY PITTMAN
Assistant Attorney General
441 4th St. N.W.
6th Fl. south
Wash, D.C. 20001