UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RAYMOND BROWN, pro-se
   petitioner

v.

UNITED STATE PAROLE
   COMMISSION
         respondent

Civil Act. No.
107 CV 00617

Judge: ROYCE C. LAMBERTH

## OBJECTION TO THE UNITED STATES PAROLE COMMISSION MOTION TO TRANSFER PETITIONER'S PETITON FOR WRIT OF HABEAS CORPUS

NOW comes, petitioner, Raymond Brown, pro-se and hereby object to the respondent motion to this District Court transfer the petitioners application for Writ of Habeas Corps to the Northern District Court of West Virginia in the above caption civil action.

## FACTUAL HISTORY

On or About July 8, 2000, the Petitioner was arrested and bought to Superior Court the same in which all charges were dismissed the Petitioner was released the same day. For some reason there was a parole warrant that was executed on July 10, 2000 on this date the petitioner was at home from the day the petitioner was released July 8, 2000 straight from the court room before the court judge.

The execution of the parole violator warrant was "contrary" to it clear terms and unauthorized, and therefore it was invalid. SEE (McConnell v. Martin 896 F.2d 441 (1990 10th cir))

Infact the petitioner was never at D.C. Jail at anytime in July, 2000. The respondents is deceiving this Court of the actual truth there is a "great" need for a "Hearing". Because the parole violator warrant was executed when the "petitioner was not even in custody"

The Respondent are keeping these fact out from this District Court about what "actually happen" on "July 8, 2000". This District Court is truly being "deceived" by the Respondent.

Infact On Aug 29, 2000, the petitioner was arrested for Kidnapping w/arm, Assault w/arm, Threats w/arm case no: F5270-00 ("Herein the New Case") There were no other warrants pending for any other charges and, there was no U.S. Parole Commission detainer/warrants concerning any erroneous parole release or for any other parole matters.

Petitioner remained in "Custody" "Held without Bond" and was sentenced on March 23, 2001 to 10yrs 180 days. The District of Columbia Department of Correction "D.C. Jail" gave the petitioners detention credits against his sentence from and including ("Aug 30, 2000") to March 23, 2001") and thereafter.

On Nov 22, 2000, during this detention Petitioner received a U.S. Parole Commission notice of action indicating and advising the Petitioner that warrant #PE34934-99 is "lodged as a detainer" and that "Petitioner was not currently in custody" serving the parole violator term.

-1-

However, by parole order "notice of action expedited revocation order" dated Oct. 17, 2001, the U.S. Parole Commission advised Petitioner in this notice that he was to "Continue Until Expiration" of the violator term.

Such order clearly indicated that the Parole Commission chose to execute the detainer/warrant while Petitioner was serving his new case sentence thereby "rending the terms current" when parole violator term detainers are executed in this manner.

The Department of Correction reacted Petitioners detention credits initially applied to the new case and instead credited Petitioners parole violation term with credits for the period of Aug 30, 2000 through Dec 28, 2003. This act denied Petitioner his statutory right to jail credits as well as sentence credits after the new case sentence had been imposed and commenced.

## ARGUMENT

The Respondent is deceiving this District Court on the "actual facts". Also the Respondent is gravely misplaced that this Court do not have jurisdiction to grant relief of the Petitioners D.C. code § 16-1901 (B.)

This Court has deem jurisdiction because the Petitioner was convicted and sentenced in D.C. Superior Court and the Petitioner is currently housed in a federal facilities.

As this District Court upheld stating in SEE Wilson v. Office of Chairperson, 892 F. Supp. 277 (D.D.C. 1995).

The Respondent is misplaced about 28 U.S.C. 2243 apply to the petitioner what apply and give this Court is the § 16-1901 (B.) as shown herein this motion.

-2-

While prisoners convicted in Superior Court but incarcerated in federal facilities must file their petitions in district court. SEE Blair-Bey v. Quick 151 F.3d 1036 (D.C. Cir 1998) The District Circuit of Appeals clearly stated that District Court do have jurisdiction to hear habeas corpus petitions filed by prisoners SEE Perkin v. Henderson, 881 F.Supp 55 (D.D.C. 1995) Habeas Corpus is the sole remedy available to federal and state prisoners challenging the fact or duration of confinement.

 Also stated in Wilson v. Office of Chairperson, 892 F.Supp 277 (D.D.C. 1995) Habeas Corpus is the exclusive avenue available to a District prisoner challenging the manner of execution of a sentence, rather than the sentence itself.

 Which is the same for the petitioner in this petition. This Court also rule that this Court have the jurisdiction that a prisoner has a right the right to raise, through a petition for Habeas Corpus, any issue arising from the execution of his or her sentences. SEE Alston v. U.S. 590 A.2d 511, 514 (D.C. 1991)

A prisoners request for restoration of good time credits challenges manner of execution of sentence, not sentence itself, and must be brought by habeas corpus.

 The Compact also provides that transfer to another states facility doe not deprive an inmate of any "legal rights" which the inmate would had if confined in the sending state, id., Art IV(e), and that any hearing to which the inmate may be entitled by the law of the sending state may be conducted the "appropriate authorities of that state. Id, Art IV(f)

-3-

These provisions ensured that District of Columbia prisoners retained their legal rights when the District elected to incarcerate them in facilities outside the District.

If the D.C. Jail record had not had falsely executed Petitioner parole violator warrant and just had notify U.S. Parole Commission that there has been a grave error by the Official there at D.C. Jail record office instead of pasting false information to the U.S. Parole Commission by this action of the D.C. Jail record office and the U.S. Parole Commission made the petitioner parole warrant invalid, SEE 82 Led 1399, 304 U.S. 359 Zerbst v. Kidwell (U.S. Supreme Court case) also which is support throughout the Circuit Court is the case of (McConnell v. U.S. Parole Commission 896 F.2d 441 (1990) an U.S. v. Cox 475 F.2d 837, 838 (9th Cir. 1973) Also U.S. v. Soto-Ornelas, 863 F.2d 1487, 1491 (10th Cir. 1988).

Here the petitioner was never in custody July 8, 2000 taken to D.C. Jail at anytime in July for custody therefore the execution of the Petitioners Parole violator warrant was never validly executed.

Therefore a habeas corpus is the exclusive avenue available to a District prisoner challenging the manner of execution of a sentence, rather than the sentence itself (Wilson v. Office of Chairperson 892 F.Supp 277 (D.D.C. 1995) While prisoners convicted in Superior Court but incarcerated in federal facilities must file their petitions in District Court.

-4-

## CONCLUSION

WHEREFORE, this Court grant the petitioner motion and order the Petitioner be given credit on ("New Case") from Aug 30, 2000 to Dec, 2000's through the present or Order a prompt hearing to be held on this matter before the District Court.

The Petitioner prays that this Court deny the respondents request to dismiss.

Respectfully Submitted

Raymond Brown 04746007
Raymond Brown 04746007
F.C.I Gilmer
PO Box 6000
Glenville, West Virginia
26351

*Lori Smith 6/7/07*

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
LORI SMITH
201 FCI LANE
GLENVILLE, WV 26351
My commission expires August 29, 2013

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on June 7, 2007 a copy of the foregoing objection was mailed postage pre paid to:

Tricia D. Francis
Assistant United States Attorney
555 4th St. N.W. room 10-447
Wash, DC. 20530